2001-NMCA-051

28 P.3d 1136

**Richard Luis HARBISON,**
**Petitioner–Appellee,**

v.

**Jennifer Camille JOHNSTON,**
**Respondent–Appellant.**

**No. 21,395.**

Court of Appeals of New Mexico.

June 22, 2001.

Shane A. English, Keithly & English, P.C., Anthony, NM, for Appellee.

Daniel L. Romero, Law Office of Daniel L. Romero, Las Cruces, NM, for Appellant.

## OPINION

SUTIN, Judge.

{1} In this appeal we resolve an interstate child support enforcement and modification jurisdictional dispute. Respondent Jennifer Johnston (Mother) appeals the district court's order dismissing, on jurisdictional grounds, her motion to modify and enforce the child support provisions of a Texas support and visitation judgment. Mother raises two issues: (1) whether Petitioner Richard Harbison (Father) submitted to personal jurisdiction in the New Mexico district court when he initiated proceedings to enforce the visitation provisions of the Texas judgment, and (2) whether the district court had subject matter jurisdiction to modify or enforce the child support provisions of the same judgment. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## BACKGROUND

{2} The facts are undisputed. Mother and Father are parents of a child (Child) born in El Paso, Texas, in May 1995. When Child was one year old, Father filed an action in Texas district court to establish paternity. On November 8, 1996, the Texas court entered a judgment regarding Child, adjudicating Father as parent, granting Mother permanent custody, awarding Father visitation

rights, and ordering Father to pay child support.

{3} For about two years, Father exercised his visitation rights in accordance with the Texas judgment. In July 1998 Mother and Child moved from El Paso to Las Cruces, New Mexico, so Mother could finish her studies at New Mexico State University. In August 1998 Father moved to California to perform temporary work on a reservoir construction project, whereupon his visitation with Child ceased, except for one week in late 1998 when Child visited him in California. After living in California for approximately nine months, Father returned to El Paso and tried, unsuccessfully, to resume visitation with Child, who continued to live with Mother in Las Cruces.

{4} In November 1999 Father filed a petition in New Mexico district court, requesting that it recognize and enforce the visitation provisions (visitation order) in the Texas judgment and hold Mother in contempt for violating its requirements. Mother responded to the petition and also filed a countermotion to modify and enforce the child support provisions (support order) in the Texas judgment. She served child support discovery requests on Father that Father countered with a motion to dismiss the child support action. Father argued that the New Mexico court had neither personal jurisdiction nor subject matter jurisdiction to modify and enforce the Texas support order and that Texas had continuing, exclusive jurisdiction over the support order.

{5} Following an evidentiary hearing on Father's visitation petition, the district court entered an order giving full faith and credit to the Texas judgment, modifying its visitation provisions, and ordering the parties to submit to mediation for the purpose of developing a long-term parenting plan. Following a later hearing, the district court dismissed Mother's motion to modify and enforce the Texas judgment regarding child support. The district court determined New Mexico lacked both subject matter jurisdiction and personal jurisdiction over Father, and concluded Texas retained exclusive jurisdiction over the support order. Mother appeals from the dismissal.

## DISCUSSION

### I. Standard of Review

{6} Where the relevant facts are undisputed, as in this case, we review de novo the district court's application of the law to the facts. *Caba Ltd. Liab. Co. v. Mustang Software, Inc.*, 1999–NMCA–089, ¶ 9, 127 N.M. 556, 984 P.2d 803.

### II. Whether the District Court Had Personal Jurisdiction Over Father in the Support Proceeding

#### A. Preservation of the Personal Jurisdiction Issue

{7} Father argues that Mother failed to preserve her contention that the New Mexico court had personal jurisdiction over Father. "To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]" Rule 12–216(A) NMRA 2001; *Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct.App.1987). In determining whether an appellate issue was preserved for review, we consider the primary purposes of the preservation rule: "(1) that the trial court be alerted to the error so that it is given an opportunity to correct the mistake, and (2) that the opposing party be given a fair opportunity to meet the objection." *Gracia v. Bittner*, 120 N.M. 191, 195, 900 P.2d 351, 355 (Ct.App. 1995) (citing *Garcia v. La Farge*, 119 N.M. 532, 540, 893 P.2d 428, 436 (1995)). Both purposes of the preservation requirement were met in this case.

{8} Mother did not specify that, pursuant to the Uniform Interstate Family Support Act (UIFSA), NMSA 1978, § 40–6A–201 (1994), Father submitted to New Mexico jurisdiction by filing his November 1999 petition to enforce the Texas visitation order. The issue whether the district court had personal jurisdiction over Father, however, was squarely before the court. Mother argued the district court had personal jurisdiction. Father argued the district court lacked personal jurisdiction over him pursuant to Section 40–6A–201 and argued he did not submit to the jurisdiction of New Mexico for any purpose other than to enforce the Texas visitation order. In granting Father's motion to dismiss, the district court found that

it lacked personal jurisdiction pursuant to Section 40–6A–201, the specific statutory provision Mother raises on appeal. Thus, the district court was clearly alerted to the issue of personal jurisdiction under Section 40–6A–201, as well as the specific issue whether Father submitted himself to the jurisdiction of New Mexico based on his initiation of the visitation enforcement proceeding.

## B. Merits of the Personal Jurisdiction Issue

■ {9} Section 40–6A–201 provides several bases for a New Mexico district court to exercise long-arm jurisdiction over a non-resident individual in a child support proceeding under the UIFSA. According to Section 40–6A–201(2), a court may exercise personal jurisdiction over a non-resident when "the individual submits to the jurisdiction of this state by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction." Moreover, a New Mexico court may assert jurisdiction over a non-resident if "there is any other basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction." Section 40–6A–201(8). Thus, the long-arm provision of the UIFSA permits the broadest assertion of jurisdiction over a non-resident child support obligor consistent with the New Mexico and United States Constitutions. Bearing these provisions and precepts in mind, we address whether the district court had any basis to exercise personal jurisdiction over Father.

■ {10} A general appearance is made when a party goes beyond contesting the jurisdiction of the court and requests affirmative relief, such as full faith and credit and enforcement of a foreign decree. *State ex rel. Valles v. Brown,* 97 N.M. 327, 331, 639 P.2d 1181, 1185 (1981); *see also In re Marriage of Adler,* 271 Ill.App.3d 469, 208 Ill. Dec. 31, 648 N.E.2d 953, 956 (1995) ("When a party requests affirmative relief prior to a ruling on his objections to the court's personal jurisdiction, he waives all objections to the court's *in personam* jurisdiction."); *In re Marriage of Peck,* 82 Wash.App. 809, 920 P.2d 236, 238–39 (1996) (recognizing that even though a party objects to personal juris-

diction, he may waive the defense of lack of jurisdiction "by seeking affirmative relief, thereby invoking the jurisdiction of the court") (citations and internal quotation marks omitted).

■ {11} Father entered a general appearance pursuant to Section 40–6A–201(2) when he filed his visitation enforcement petition. He invoked the jurisdiction of the district court. Once Father invoked and submitted himself to the jurisdiction of New Mexico, he could not then attempt to limit his appearance solely to attacking the personal jurisdiction of the court in the support portion of the proceedings. *Brown,* 97 N.M. at 331, 639 P.2d at 1185; *cf. Murphy v. Murphy,* 96 N.M. 401, 405, 631 P.2d 307, 311 (1981) (concluding that jurisdiction over respondent "became complete when he appeared and participated in the hearing on the merits," particularly when he had previously entered a special appearance in the matter); *Sanchez v. Sanchez,* 107 N.M. 159, 161, 754 P.2d 536, 538 (Ct.App.1988) (determining that father "consented to jurisdiction through his filing of various motions and his participation in the hearings and trial on the merits").

■ {12} Father, however, disagrees based on the "limited immunity" provision of Texas' Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA), which states in pertinent part:

A party to a child custody proceeding, including a modification proceeding, or a petitioner or respondent in a proceeding to enforce or register a child custody determination, is not subject to personal jurisdiction in this state for another proceeding or purpose solely by reason of having participated, or of having been physically present for the purpose of participating, in the proceeding.

Tex. Family Code Ann. § 152.109(a) (1999). The UCCJEA, however, has not been adopted in New Mexico and is therefore inapplicable. We find no such limited immunity provision in the law governing the visitation proceeding in this case, that is, the New Mexico Child Custody Jurisdiction Act (CCJA), NMSA 1978, §§ 40–10–1 to –24 (1981, as amended through 1989). Although

Father points out the UIFSA contains a similar limited immunity provision, NMSA 1978, § 40–6A–314(a) (1994), that provision is not implicated in this case because neither party challenged the district court's jurisdiction (pursuant to the CCJA) in the visitation proceeding. Thus, we reject Father's limited immunity argument. The district court erred in determining it did not have personal jurisdiction over Father.

### III. Whether the District Court Had Subject Matter Jurisdiction to Modify and Enforce the Texas Child Support Order

{13} Mother contends the district court erred in determining that it did not have jurisdiction to consider her motion to modify and enforce the Texas support order. The crux of her argument appears to be that because Father invoked the jurisdiction of the district court by requesting enforcement of the Texas visitation order, the district court also acquired jurisdiction to hear her motion to modify and enforce the Texas support order.

{14} Two statutory acts govern: the CCJA and the UIFSA. Jurisdiction over the issue of visitation is governed by the CCJA. *Campbell v. Alpers*, 110 N.M. 21, 24, 791 P.2d 472, 475 (Ct.App.1990); § 40–10–3(B). Jurisdiction over the modification and enforcement of another state's child support order is governed by UIFSA. NMSA 1978, § 40–6A–301(b) (1994). The standards under each act are different and assign jurisdiction independently. A court's jurisdiction to hear a custody or visitation dispute under the CCJA does not confer jurisdiction upon that court to determine issues of child support under the UIFSA. *Fox v. Fox*, 68 Ark.App. 281, 7 S.W.3d 339, 342 (1999). Similarly child support jurisdiction under UIFSA does not confer jurisdiction to decide issues of custody or visitation. *See Chaisson v. Ragsdale*, 323 Ark. 373, 914 S.W.2d 739, 741 (1996). We hold the district court's jurisdiction over the visitation proceeding did not confer subject matter jurisdiction to modify and enforce the Texas support order.

### A. Subject Matter Jurisdiction to Modify the Texas Child Support Order

{15} Under the UIFSA, a New Mexico court "shall recognize the continuing, exclusive jurisdiction of a tribunal of another state which has issued a child-support order pursuant to a law substantially similar to the Uniform Interstate Family Support Act." NMSA 1978, § 40–6A–205(d) (1997). Texas, like New Mexico, has adopted the UIFSA. Tex. Family Code Ann. §§ 159.001 to 159.902 (1997). Therefore, the two acts are "substantially similar." Under its continuing jurisdiction provision, identical to Section 40–6A–205, Texas, as the state that issued the child support order, still has continuing, exclusive jurisdiction to modify the order because Father continues to reside in Texas, and the parties have not mutually agreed to confer jurisdiction to New Mexico. Tex. Family Code Ann. § 159.205(a).

{16} A New Mexico court's power to modify another state's child support order is specifically governed by Section 40–6A–611(a), which is almost identical to Tex. Family Code Ann. § 159.611(a). That provision states in pertinent part:

> After a child support order issued in another state has been registered in this state, the responding tribunal of this state may modify the order only . . . after notice and hearing the tribunal finds that:
>
> (1) the following requirements are met:
>
> (A) the child, the individual obligee, and the obligor do not reside in the issuing state;
>
> (B) a petitioner who is a nonresident of this state seeks modification; and
>
> (C) the respondent is subject to the personal jurisdiction of the tribunal of this state; or
>
> (2) the child, or a party who is an individual, is subject to the personal jurisdiction of the tribunal of this state and all of the parties who are individuals have filed . . . written consents for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction over the order[.]

{17} As a threshold matter, we determine that the Texas judgment containing the support order was "registered" in New Mexico when Father filed it in the district court for purposes of enforcing its visitation provision. *See* NMSA 1978, §§ 40–6A–602, – 603(a) (1994).

{18} We conclude, however, that the other statutory prerequisites for New Mexico district court modification of the support order were not met in this case. First, Father still resided in the issuing state of Texas. NMSA 1978, § 40–6A–611(a)(1)(i) (1997). Second, Mother and Father did not consent in writing for New Mexico to assume continuing, exclusive jurisdiction over the support order. Section 40–6A–611(a)(2). Finally, Mother was a New Mexico resident and thus did not meet the requirement that the party seeking modification be a non-resident of the forum state. Section 40–6A–611(a)(1)(ii). Therefore, the district court did not have jurisdiction to modify the Texas support order.

{19} Mother nevertheless argues that the district court had jurisdiction to modify the support order under the federal Full Faith and Credit for Child Support Orders Act (FFCCSOA), 28 U.S.C. § 1738B (1997). Although Mother did not raise the FFCCSOA below, we address her argument on appeal because the FFCCSOA governs subject matter jurisdiction and full faith and credit for support orders and, thus, may be considered for the first time on appeal. *Thoma v. Thoma*, 1997 NMCA 016, ¶ 28, 123 N.M. 137, 934 P.2d 1066.

{20} The FFCCSOA, enacted by Congress in 1994, is intended to work in tandem with the UIFSA and essentially mirrors its jurisdictional concepts. *See Gentzel v. Williams*, 25 Kan.App.2d 552, 965 P.2d 855, 860 (1998) ("FFCCSOA is similar to UIFSA both in . . . structure and intent."); *see generally* Patricia Wick Hatamyar, *Critical Applications and Proposals for Improvement of the Uniform Interstate Family Support Act and the Full Faith and Credit for Child Support Orders Act*, 71 St. John's L.Rev. 1 (1997).

{21} According to subsections (a) and (c) of § 1738B, if a child support order is made by a court that had jurisdiction and gave the parties notice and an opportunity to be heard, a court of another state cannot modify the order except as provided. That is, the FFCCSOA allows modification of a valid order only if (1) neither the child nor any of the parties remain in the issuing state, and the forum state has jurisdiction over the parties; or (2) all parties have consented to the jurisdiction of the forum state to modify the order. 28 U.S.C. § 1738B(e); *Gentzel*, 965 P.2d at 860. Because Father remains a resident of Texas and the parties have not consented to a change in jurisdiction, Texas retains continuing, exclusive jurisdiction over modification of the support order under the FFCCSOA. We do not find Section 40–6A–205(d) of the UIFSA to be in direct conflict with the FFCCSOA and the full faith and credit clause of the United States Constitution, as Mother suggests.

### B. Subject Matter Jurisdiction to Enforce the Texas Child Support Order

{22} Mother also asked the district court to enforce certain provisions of the Texas support order. In particular, Mother sought employment and financial information as required by the order and a determination of the amount of past child support owed by Father. Therefore, we must also address whether the district court had jurisdiction to enforce the support order.

{23} We conclude the district court incorrectly concluded it did not have jurisdiction to enforce the support order. Under the UIFSA, if a child support order of another state is properly registered, the registering state is obligated to enforce the order in the same manner as if it had issued the order, even though it remains an order of the issuing state for purposes of modification. *See* § 40–6A–603(c) ("Except as otherwise provided in this article, a tribunal of this state *shall* recognize and enforce, but may not modify, a registered order if the issuing tribunal had jurisdiction.") (internal citations omitted and emphasis added).

{24} The FFCCSOA similarly obligates states to give full faith and credit to child support orders properly issued by other states and to refrain from modifying such orders unless the limited conditions of the act

are met. 28 U.S.C. § 1738B(a), (e). The intended purpose and effect of the enforcement provisions in the UIFSA and the FFCCSOA are to facilitate the enforcement of child support orders among the states. *See generally* Patricia Wick Hatamyar, *Interstate Establishment, Enforcement, and Modification of Child Support Orders,* 25 Okla. City U.L.Rev. 511, 541–43 (2000).

## CONCLUSION

 {25} We hold the district court had personal jurisdiction over Father regarding the Texas judgment he registered in New Mexico and subject matter jurisdiction to enforce, but not modify, the child support order in that judgment. We reverse and remand for further proceedings consistent with this opinion.

{26} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE, and CELIA FOY CASTILLO, Judges.