Filed 12/20/05 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2005 ND 215

Alfreda Smith, nka Alfreda Conklin, Plaintiff and Appellee

v.

Richard Hall, Defendant and Appellant

No. 20050270

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Marnie Renell Soggie, Special Assistant State’s Attorney, P.O. Box 5518, Bismarck, N.D. 58506-5518, for plaintiff and appellee.

Vance Gillette, P.O. Box 1577, Minot, N.D. 58702-1577, for defendant and appellant.

Smith v. Hall

No. 20050270

Kapsner, Justice.

[¶1] Richard Hall appeals from an order denying his motion to vacate the registration of a tribal court order requiring him to pay Alfreda Smith $250 per month in child support.  We hold Hall’s failure to timely object to registration of the tribal court order in state court precludes him from contesting the registration.  We affirm.

I.

[¶2] In 1991, a Standing Rock Sioux Tribal Court issued a default judgment and order, adjudicating Hall to be the father of Smith’s child and requiring Hall to pay Smith $250 per month in child support.  The tribal court order indicated Hall was properly served, stating a copy of the summons and complaint was left at his residence with a person over the age of eighteen.

[¶3] In 1997, the Bismarck Regional Child Support Enforcement Unit registered the tribal court order for enforcement with the Burleigh County District Court.  In March 1997, the district court sent Hall notice of registration of the tribal court order, by certified mail, and an amended notice of registration was sent to him by certified mail in April 1997.  Both notices stated Hall had twenty days to petition the district court to vacate the registration or to request other relief.  The amended notice also informed Hall that if he failed to contest the registration within twenty days, the order would be confirmed and he would be precluded from further contesting the order with respect to any matter that could have been raised at that time.  Hall acknowledges receipt of notice of the proceeding to register the tribal court order.  Hall did not request a hearing to contest the validity of the tribal court order, or to vacate the registration.

[¶4] In April 1997, the district court issued an order to show cause to Hall for failure to pay child support.  Hall appeared at a June 1997, hearing and admitted that he had failed to make the ordered child support payments.  Hall did not argue the tribal court order was void for lack of personal jurisdiction, and the state district court found Hall in contempt of court for failure to pay child support. The district court sentenced Hall to ninety days in jail with all jail time suspended on the condition that Hall pay a minimum of $100 per month for child support.  Hall failed to pay any child support as required by the order and the record does not reflect any further contemporaneous proceedings to enforce his support obligation.

[¶5] Hall currently owes approximately $40,000 in child support arrears.  In February 2005, Hall’s driver’s license was suspended, under N.D.C.C. § 50-09-08.6, for failure to pay child support.  Hall received notice of the suspension, but failed to pay the amount due, negotiate a payment plan, or request a court hearing.

[¶6] In June 2005, Hall asked the district court to vacate the 1997 registration of the tribal court order and to award him attorney’s fees from the child support enforcement unit.  Hall argued the tribal court lacked personal jurisdiction because he did not receive notice of the action in tribal court and was not personally served.  Hall argued the tribal court order is void and the district court order registering the tribal court order should be vacated.  The district court denied Hall’s motion to vacate, concluding he waived the right to challenge the registration when he failed to request a hearing at the time the tribal court order was registered.

II

[¶7] The issue in this case is whether Hall can challenge the tribal court order for lack of personal jurisdiction, or if he waived the right to challenge the validity of the tribal court order when he failed to object to the 1997 registration of that order.  In the district court Hall moved to vacate the registration of the tribal court order under N.D.R.Civ.P. 60(b)(iv).  This Court exercises plenary review of the district court’s denial of a motion to vacate under N.D.R.Civ.P. 60(b)(iv).  
Roe v. Doe
, 2002 ND 136, ¶ 6, 649 N.W.2d 566.

A

[¶8] Hall argues N.D.R.Ct. 7.2 requires review of tribal court orders to determine whether the tribal court had personal jurisdiction and whether the order was obtained through a process that afforded fair notice and a fair hearing.

[¶9] Rule 7.2, N.D.R.Ct., sets out a procedure for recognition of tribal court orders and judgments.  “Judicial orders and judgments of tribal courts within the state of North Dakota, unless objected to, are recognized and have the same effect and are subject to the same procedures, defenses, and proceedings as judgments of any court of record in this state.”  N.D.R.Ct. 7.2(b).  Under N.D.R.Ct. 7.2(b), if a party objects to recognition of a judgment, the recognizing court must be satisfied that the tribal court had personal and subject matter jurisdiction and the judgment was obtained through a process that afforded fair notice and a fair hearing.  However, the “rule does not apply to orders or judgments which federal law requires that states grant full faith and credit recognition.”  N.D.R.Ct. 7.2(d).

[¶10] The Full Faith and Credit for Child Support Orders Act (“FFCCSOA”) requires states give full faith and credit recognition to child support orders issued by other states and to enforce those orders according to their terms.  28 U.S.C. § 1738B(a) (2005).  The definition of a “state” under FFCCSOA includes Indian country.  28 U.S.C. § 1738B(b) (2005).  The Standing Rock Sioux Reservation is Indian country.  
See
 18 U.S.C. § 1151 (2005).  FFCCSOA requires North Dakota give full faith and credit recognition to a child support order issued by the Standing Rock Tribal Court, and we conclude N.D.R.Ct. 7.2 is not applicable to Hall’s claim.

B

[¶11] Hall claims the tribal court order is void for lack of personal jurisdiction.  He argues a void order can be vacated at any time, and he cannot waive his right to challenge the void tribal court order, citing 
Eggl v. Fleetguard
, 1998 ND 166, 583 N.W.2d 812, in support of his position.

[¶12] Chapter 14-12.2, N.D.C.C., the Uniform Interstate Family Support Act (“UIFSA”), sets out the procedural and jurisdictional rules a state must follow in recognizing a child support order from another state.  Congress, in an effort to create uniformity in enforcement of child support orders, required all states to adopt UIFSA in its entirety by January 1, 1998, to remain eligible for federal funding for child support services.  42 U.S.C. § 666(f) (2005).  FFCCSOA and UIFSA are very similar in terms of structure and intent.  
See, e.g.
, 
Gentzel v. Williams
, 965 P.2d 855, 860 (Kan. Ct. App. 1998).  “For the most part [UIFSA and FFCCSOA] are complimentary or duplicative and not contradictory.”  
State ex rel. George v. Bray
, 503 S.E.2d 686, 689 (N.C. Ct. App. 1998).  UIFSA and FFCCSOA work together to “facilitate the enforcement of child support orders among the states.”  
Harbison v. Johnston
, 2001-NMCA-051, ¶ 24, 28 P.3d 1136.

[¶13] North Dakota adopted UIFSA in 1995.  
See
 1995 N.D. Sess. Laws ch. 157.  UIFSA requires North Dakota to recognize and enforce a registered child support order issued by another state, in the same manner as an order issued by a tribunal of this state.  N.D.C.C. § 14-12.2-37.  The definition of a state includes “Indian Tribes.”  N.D.C.C. § 14-12.2-01(19)(a).  A support order issued by another state is registered for enforcement when the order is filed in the registering tribunal of this state.  N.D.C.C. § 14-12.2-37(1).  There is a presumption that the registered order is valid.  
See, e.g.
, 
State of Washington v. Thompson
, 6 S.W.3d 82, 87 (Ark. 1999).

[¶14] Section 14-12.2-40, N.D.C.C. outlines the procedure a non-registering party must use to contest the validity of a registered order.  “A nonregistering party seeking to contest the validity . . . of a registered order in this state shall request a hearing within twenty days after notice of registration.”  N.D.C.C. § 14-12.2-40(1).  If the party fails to contest the validity of the order within the time limit, the order is confirmed by operation of law.  N.D.C.C. § 14-12.2-40(2).  A contesting party may “seek to vacate the registration, to assert any defense to an allegation of noncompliance with the registered order, or to contest the remedies being sought or the amount of any alleged arrearages.”  N.D.C.C. § 14-12.2-40(1).  The contesting party has the burden of proving “[t]he issuing tribunal lacked personal jurisdiction over the contesting party.”  N.D.C.C. § 14-12.2-41(1)(a).  “Confirmation of a registered order . . . precludes further contest of the order with respect to any matter that could have been asserted at the time of registration.”  N.D.C.C. § 14-12.2-42.

[¶15] Interpretation and application of a statute is a question of law, fully reviewable on appeal.  
In re Estate of Gleeson
, 2002 ND 211, ¶ 7, 655 N.W.2d 69.  Our review leads us to the conclusion N.D.C.C. § 14-12.2-42 is clear and unambiguous when applied to the facts in this case.

[¶16] In 1997, Hall received notice of the registration of the tribal court order with the Burleigh County District Court.  The notice informed Hall that he had twenty days to request a hearing to contest the registration and if he failed to object to the registration, he would be precluded from further contesting the order with respect to any matter that could be asserted at the time of registration.  Hall had an opportunity to object to the registration of the tribal court order, and he failed to do so.  Moreover, in 1997, Hall was also subjected to a district court contempt proceeding for failure to pay child support.  During that proceeding, Hall did not claim the tribal court order was void for lack of personal jurisdiction.  We conclude Hall is now precluded from contesting the 1997 registration of the tribal court order on grounds that the tribal court lacked personal jurisdiction.

[¶17] In interpreting a statute derived from a uniform act, the statute “must be so construed as to effectuate its general purpose to make uniform the law of those states which enact it.”  N.D.C.C. § 1-02-13.  We construe uniform laws the same way as other jurisdictions “to provide consistency and uniformity in the law.”  
Matter of Estate of Krueger
, 529 N.W.2d 151, 153 (N.D. 1995).  Our application of N.D.C.C. § 14-12.2-42 is consistent with application of similar laws in other jurisdictions.

[¶18] The Arkansas Supreme Court concluded that failure to request a hearing within UIFSA’s twenty-day time limit, precludes the nonregistering party from further challenging the validity of a foreign support order for lack of personal jurisdiction.  
Thompson
, 6 S.W.3d at 86-88.  Other courts have construed similar language of UIFSA and have held that failure to object to registration of a foreign order within the statutory time limit waives any defenses that could be asserted at the time of registration.  
See
 
Office of Child Support Enforcement v. Neely
, 41 S.W.3d 423, 429 (Ark. Ct. App. 2001); 
Tepper v. Hoch
, 536 S.E.2d 654, 657-658 (N.C. Ct. App. 2000).  
But see
 
Hawley v. Murphy
, 1999 ME 127, ¶ 10, 736 A.2d 268.

[¶19] While in 
Fleetguard
 we acknowledged that a void judgment of this court can be set aside at any time based upon lack of jurisdiction, that case is not a child support case and does not discuss the full faith and credit obligations of the federal statute.  
Fleetguard
, 1998 ND 166, ¶ 5, 583 N.W.2d 812.  Further, the obligor in this case has not even made a prima facie showing that personal jurisdiction was lacking.  The record contains a copy indicating delivery of certified mail signed by someone other than the obligor.  The tribal code provides service can be made “by registered or certified mail, return receipt requested, to the defendant’s usual residence or principal place of business.”  Standing Rock Sioux Tribe Code of Justice § 2-102(b) (1991).

III

[¶20] We affirm the district court’s order denying Hall’s motion to vacate the registration of the tribal court order.

[¶21] Carol Ronning Kapsner

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Gerald W. VandeWalle, C.J.