917 A.2d 302 (2007)
391 N.J. Super. 157
Shirley CAMPBELL, Plaintiff-Respondent,
v.
Jules CAMPBELL, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted January 31, 2007.
Decided March 15, 2007.
Jules Campbell, appellant pro se.
D. Neil Manuel, Associate Counsel for the Burlington County Board of Social Services, attorney for respondent.
*303 Before Judges STERN, A.A. RODRÍGUEZ and COLLESTER.
The opinion of the court was delivered by
A.A. RODRÍGUEZ, P.J.A.D.
Defendant, Jules Campbell (ex-husband), appeals from a post-divorce judgment order denying his motion to vacate an Australian child support order registered by plaintiff, Shirley Campbell (ex-wife), in New Jersey pursuant to the Uniform Interstate Family Support Act (UIFSA[1]), N.J.S.A. 2A:4-30.65 to -30.123 and for abatement of the arrears. The judge denied ex-husband's motion to vacate because the issues were raised and dismissed by the court at the registration hearing. The judge dismissed the motion, denied ex-husband's application for counsel fees as moot and ordered therein that ex-husband make an immediate payment of $10,000 of the arrearages. We affirm.
The parties were married in Australia. One child was born of the marriage. The parties were divorced on September 15, 1989 in the Australian Family Court. A consent agreement was entered on January 2, 1990 in the Australian Family Court, providing for the payment of the Australian equivalent of $150.00 per month.
On February 25, 1997, a subsequent order was entered by the Family Court of Australia and registered with the Australian Child Support Agency. This order modified ex-husband's child support obligation to $120 per week in Australian currency and provided an abatement provision that "said maintenance [would] be suspended during any periods that [ex-husband] is able to provide documentary evidence that he is registered with the CES and gainfully seeking employment."
Ex-wife initially petitioned the New Jersey courts to enforce the Australian child support order at issue on March 12, 2004. Although this order was initially registered, due to some procedural problems the order was vacated on June 24, 2004. Finally, in August 2004, following a registration hearing, the order was properly registered and confirmed pursuant to N.J.S.A. 2A:4-30.110(c). At this registration hearing, ex-husband appeared pro se and argued against registration of the order and for abatement of the arrears. No appeal was made from this order.
On January 26, 2006, ex-husband moved to vacate. The motion was denied. At the time of the subject order, ex-husband's arrears exceeded $31,000. From August 14, 2006 through August 23, 2006, ex-husband was incarcerated for failure to pay child support.
On appeal, ex-husband contends that the registered Australian child support order should be vacated pursuant to the provisions of the UIFSA for the following reasons: (1) the judge at the August 31, 2004 registration hearing failed to apply Australian law in violation of N.J.S.A. 2A:4-30.107; (2) the registration of the Australian order is invalid because the judge modified the order at the registration hearing contrary to UIFSA; (3) ex-husband was prejudiced by the registration judge's determination not to apply the abatement provision; (4) the abatement provision could only be ignored by the registering state if it was repugnant to the policy of New Jersey and the United States; (5) the judge failed to provide proper notice to ex-husband prior to entering an order confirming the registration as required pursuant to UIFSA; and (6) the Australian Child Support Agency failed to file the orders properly pursuant to N.J.S.A. 2A:4-30.105. We disagree.
*304 New Jersey adopted the 1996 version of UIFSA, codified at N.J.S.A. 2A:4-30.65 to -30.123. The United States Congress mandated that every state must adopt UIFSA and any amendments thereto. See 42 U.S.C. 666(f). UIFSA contemplates interstate cooperation to effect an expeditious collection of child support across state borders. It provides "unity and structure in each state's approach to the modification and enforcement of child support orders." See Youssefi v. Youssefi, 328 N.J.Super. 12, 20, 744 A.2d 662 (App. Div.2000) (citing 42 U.S.C. 666(f)).
N.J.S.A. 2A:4-30.103 provides the procedure for registration of orders from other states. "A party seeking to enforce a support order issued by a tribunal of another state may send the documents required for registering the order to a support enforcement agency of this State." Ibid.
According to N.J.S.A. 2A:4-30.106(a), a support order "is registered when the order is filed in the registering tribunal of this State." Ibid. (emphasis added). N.J.S.A. 2A:4-30.105 requires certain documents and information be obtained before registration can be proper. On receipt of these documents, "the registering tribunal shall cause the order to be filed as a foreign judgment, together with one copy of the documents and information regardless of their form." Ibid.
According to N.J.S.A. 2A:4-30.109, the non-registering party may request a hearing to contest the validity or enforcement of a registered order in New Jersey or seek to vacate the registration of the order. UIFSA sets forth the following procedure in which the contesting party must follow:
a. A nonregistering party seeking to contest the validity or enforcement of a registered order in this State shall request a hearing within 20 days after the date of mailing or personal service of notice of the registration. The nonregistering party may seek to vacate the registration, to assert any defense to an allegation of noncompliance with the registered order, or to contest the remedies being sought or the amount of any alleged arrearages pursuant to section 46 of this act.
b. If the nonregistering party fails to contest the validity or enforcement of the registered order in a timely manner, the order is confirmed by operation of law.
c. If a nonregistering party requests a hearing to contest the validity or enforcement of the registered order, the registering tribunal shall schedule the matter for hearing and give notice to the parties of the date, time and place of the hearing.
[(Ibid.).]
The contesting party seeking to vacate the registration has the burden of proving one or more of the following enumerated defenses pursuant to N.J.S.A. 2A:4-30.110(a):
(1) the issuing tribunal lacked personal jurisdiction over the contesting party;
(2) the order was obtained by fraud;
(3) the order has been vacated, suspended, or modified by a later order;
(4) the issuing tribunal has stayed the order pending appeal;
(5) there is a defense under the law of this State to the remedy sought;
(6) full or partial payment has been made; or
(7) the statute of limitation under section 43 of this act precludes enforcement of some or all of the arrearages.
UIFSA further provides that:
b. If a party presents evidence establishing a full or partial defense under subsection a. of this section, a tribunal *305 may stay enforcement of the registered order, continue the proceeding to permit production of additional relevant evidence, or issue other appropriate orders. An uncontested portion of the registered order may be enforced by all remedies available under the law of this State.
c. If the contesting party does not establish a defense under subsection a. of this section to the validity or enforcement of the order, the registering tribunal shall issue an order confirming the order.
[(Ibid.) (emphasis added).]
According to N.J.S.A. 2A:4-30.111, "[c]onfirmation of a registered order, whether by operation of law or after notice and hearing, precludes further contest of the order with respect to any matter that could have been asserted at the time of registration." (Ibid. emphasis added).
Here, the court ordered a hearing for registration and ex-husband appeared and argued against it. Therefore, applying these governing principles, we conclude that ex-husband's motion to vacate the registration was properly denied since the issues were previously raised and dismissed at the registration hearing. Ex-husband did contest the validity of the registration at the hearing. The judge found that ex-husband participated at the hearing, "entering his objections to registration and arguing that he was entitled to abatement of arrears due to unemployment. The court ruled against [ex-husband] on both issues, and there is no evidence that an appeal was taken to the Appellate Division."
There are no New Jersey cases on point. In a factually similar case, the Supreme Court of North Dakota held that the father-obligor was precluded from contesting the 1997 registration of the tribal court order for lack of personal jurisdiction because the time to contest had expired. See Smith v. Hall, 707 N.W.2d 247, 250 (N.D. 2005). Like New Jersey, North Dakota has also adopted UIFSA and codified it in its state statutes. N.D.C.C. 14-12.2-40 to -49. In Smith, the father failed to object to the 1997 registration pursuant to the procedure outlined in UIFSA. The court found that pursuant to the statute, "if the party fails to contest the validity of the order within the limit, the order is confirmed by operation of law." Ibid. (citing N.D.C.C. 14-12.2-40(2)[2]). The court further held that where "confirmation of a registered order . . . precludes further contest of the order with respect to any matter that could have been asserted at the time of registration." Ibid. (citing N.D.C.C. 14-12.2-42[3]). Based on these provisions, the court found the language of the statute to be "clear and unambiguous when applied to the facts in this case." Ibid.; see also Washington v. Thompson, 339 Ark. 417, 6 S.W.3d 82, 86-88 (1999) (holding that the obligor's failure to request a hearing within UIFSA's twenty-day time limit, precluded the nonregistering party from further challenging the validity of a foreign support order).
Likewise, in this case, the language of the statute is clear and unambiguous. Once the registration of the foreign order is confirmed, whether by operation of law or after notice and hearing, it "precludes further contest of the order with respect to any matter that could have been asserted at the time of registration." N.J.S.A. 2A:4-30.111 (emphasis added). The registration of the foreign child support order was confirmed after notice and a hearing, therefore, ex-husband waived his right to further contest the order "with respect to *306 any matter that could have been asserted at the time of registration," pursuant to N.J.S.A. 2A:4-30.111.
The judge properly issued an order confirming the registration pursuant to N.J.S.A. 2A:4-30.110(c). As mentioned above, "a confirmation of a registered order . . . precludes further contest of the order with respect to any matter that could have been asserted at the time of registration." See N.J.S.A. 2A:4-30.111. Of course, registration of a foreign judgment can be challenged based on lack of jurisdiction or on forum policy grounds as detailed in the Restatement of the Law of Foreign Relations, dealing with enforcement of foreign judgments, but N.J.S.A. 2A:4-30.110(a) details the defenses, including lack of jurisdiction of the issuing tribunal and fraud, as a defense under the law of the forum, which can be asserted at the registration hearing. All of the issues raised in ex-husband's complaint and appeal could have, or were raised at the registration hearing, and therefore, are procedurally barred from further contest by UIFSA.
We are satisfied that the judge correctly applied the law in denying ex-husband's motion to vacate the Australian child support order registered by ex-wife. Accordingly, we affirm the order.
Affirmed.
NOTES
[1] UIFSA became effective in New Jersey on March 5, 1998.
[2] Equivalent to N.J.S.A. 2A:4-30.109(b).
[3] Equivalent to N.J.S.A. 2A:4-30.111.