2010 ND 235

B.D.H., by and through his parents, next of friends and natural legal guardians, S.K.L., and C.S.H.; and S.K.L. and C.S.H., individually, Plaintiffs and Appellants

v.

Margaret T. MICKELSON, M.D., Nathaniel L. Karlins, M.D., MeritCare Health System, a North Dakota corporation, and MeritCare Hospital, a North Dakota corporation, Defendants and Appellees.

No. 20100152.

Supreme Court of North Dakota.

Dec. 7, 2010.

Rehearing Denied Jan. 14, 2011.

Richard E. Bosse (argued), Henning, MN, and Jeffrey David Skonseng (on brief), Fergus Falls, MN, for plaintiffs and appellants.

Angela Elsperger Lord (argued) and Lori Helen Conroy (on brief), Fargo, N.D., for defendants and appellees.

MARING, Justice.

[¶ 1] B.D.H., by and through his parents, next of friends and natural legal guardians, S.K.L. and C.S.H., and S.K.L. and C.S.H., individually, ("plaintiffs") appeal from a summary judgment dismissing their malpractice action against Dr. Margaret Mickelson, Dr. Nathaniel Karlins, MeritCare Health System, and MeritCare Hospital ("doctors"). The plaintiffs argue B.D.H.'s wrongful life claim, which they define as an action by a child who claims he or she was born with impairments and would not have been born but for a doctor's negligent advice or treatment of the child's mother, is not barred by N.D.C.C. § 32–03–43. The plaintiffs also argue North Dakota law does not preclude the parents' wrongful birth claim, which they define as an action by parents who claim a doctor's negligent advice or treatment deprived the parents of the choice of terminating a pregnancy. We hold B.D.H.'s wrongful life claim is barred by the plain language of N.D.C.C. § 32–03–43, and even if S.K.L. and C.S.H. may have had a wrongful birth claim against the doctors under North Dakota law, the parents' claim is barred by the two-year statute of limitations for malpractice actions. We affirm.

I

[¶ 2] The plaintiffs served MeritCare Health System and MeritCare Hospital with a summons and complaint for medical malpractice on May 5, 2009, and served Mickelson and Karlins with the summons and complaint after May 5, 2009. The plaintiffs alleged the doctors provided medical care to S.K.L. during her pregnancy with B.D.H. and negligently failed to detect the presence of Trisomy 21, an abnormality consistent with Down Syndrome, in the unborn child. The plaintiffs further alleged that as a result of the doctors' negligence, S.K.L. and C.S.H. were deprived of their constitutional right to terminate S.K.L.'s pregnancy and were damaged as a result of the wrongful birth of B.D.H., a child born with Down Syndrome on April 12, 2007.

[¶ 3] The district court granted the doctors' motion for summary judgment, concluding B.D.H.'s wrongful life action, by and through his parents, was barred by N.D.C.C. § 32–03–43 and there was no North Dakota legislative authority recognizing the parents' wrongful birth action. The court alternatively concluded the parents' wrongful birth action was barred by the two-year statute of limitations for malpractice actions.

## II

[¶ 4] "Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from the undisputed facts, or if the only issues to be resolved are questions of law." *Wheeler v. Gardner*, 2006 ND 24, ¶ 8, 708 N.W.2d 908. Summary judgment is appropriate if the issues in the case are such that resolution of any factual disputes will not alter the result. *Tibert v. Slominski*, 2005 ND 34, ¶ 8, 692 N.W.2d 133. Whether a district court properly granted summary judgment is a question of law that we review de novo on the entire record. *Wheeler*, at ¶ 8. The interpretation and application of a statute is a question of law, which is fully reviewable on appeal. *Wheeler*, at ¶ 10; *Smith v. Hall*, 2005 ND 215, ¶ 15, 707 N.W.2d 247.

## III

[¶ 5] The plaintiffs argue the district court erred in deciding B.D.H.'s wrongful life claim is barred by the plain language of N.D.C.C. § 32–03–43, which provides:

> No person may maintain a claim for relief or receive an award for damages on that person's own behalf based on the claim that, but for the act or omission of another, that person would have been aborted. As used in this section, "abortion" means the termination of human pregnancy with an intention other than to produce a live birth or to remove a dead embryo or fetus.

The plaintiffs argue that statute is clear and unambiguous and precludes an action by a person "on that person's own behalf," but does not preclude an action by others, such as the parents, on the child's behalf or in a representative capacity. The doctors respond that N.D.C.C. § 32–03–43 precludes all wrongful life claims, whether brought by the child, or by parents on the child's behalf.

[¶ 6] The primary objective in interpreting a statute is to ascertain the intention of the legislation. *Amerada Hess Corp. v. State ex rel. Tax Comm'r*, 2005 ND 155, ¶ 12, 704 N.W.2d 8. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1–02–02. Statutes are construed as a whole and are harmonized to give meaning to related provisions. N.D.C.C. § 1–02–07. If the language of a statute is clear and unambiguous, "the letter of [the statute] is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05. The language of a statute must be interpreted in context and according to the rules of grammar, giving meaning and effect to every word, phrase, and sentence. N.D.C.C. §§ 1–02–03 and 1–02–38(2). We construe statutes to give effect to all of their provisions, so that no part of the statute is rendered inoperative or superfluous. N.D.C.C. § 1–02–38(2) and (4).

[¶ 7] When read as a whole, N.D.C.C. § 32–03–43 says "[n]o person may maintain a claim for relief or receive an award for damages on that person's own behalf based on the claim that, but for the act or omission of another, that person would have been aborted." That language precludes a person from maintaining a claim *or* receiving an award for damages on the person's own behalf, which is precisely what a wrongful life action on behalf of a child seeks. Moreover, the plaintiffs' interpretation ignores North Dakota requirements for a minor to sue and defend an action under N.D.C.C. § 14–10–04, which says a "minor may enforce the minor's rights by civil action ... in the same manner as an adult, except that a guardian

ad litem must be appointed to conduct the same." *See also* N.D.R.Civ.P. 17(b) (outlining procedure for actions by infants). The plaintiffs' interpretation unreasonably construes the phrase "on that person's own behalf" and ignores other language in N.D.C.C. § 32–03–43 for receiving an award and also ignores the requirement that a minor's legal proceedings must be conducted by an appointed guardian or by a next friend. We construe those provisions together, and we hold the plain language of N.D.C.C. § 32–03–43 precludes a child or others from bringing a wrongful life claim on the child's behalf.

## IV

[¶ 8] The plaintiffs argue the district court erred in deciding the parents' wrongful birth claim is barred by North Dakota law. They argue North Dakota law does not preclude the parents' wrongful birth action. The plaintiffs claim a majority of states without a statute prohibiting a wrongful birth claim have sustained parents' wrongful birth claims for extraordinary expenses caused by a child's impairments. The doctors respond that the parents' wrongful birth claim is not recognized under North Dakota law. The doctors alternatively argue that, even if a wrongful birth action is authorized by North Dakota law, the parents did not commence their wrongful birth action within two years of B.D.H.'s birth and the two-year statute of limitations for malpractice actions in N.D.C.C. § 28–01–18 bars their action. The plaintiffs counter the wrongful life claim is subject to the tolling provisions of N.D.C.C. § 28–01–25, which extends the statute of limitations due to infancy for twelve years.

[¶ 9] The plaintiffs do not dispute the parents' wrongful birth claim is a medical malpractice action. Section 28–01–18(3), N.D.C.C., requires actions for malpractice to be commenced within two years after the claim for relief has accrued. Under North Dakota law, a medical malpractice claim accrues when a plaintiff is put on notice of a potential claim. *Larson v. Norkot Mfg., Inc.*, 2001 ND 103, ¶ 10, 627 N.W.2d 386. Under North Dakota law, an action is commenced upon service of the summons and not the filing of the summons. *See* N.D.R.Civ.P. 3; N.D.C.C. § 28–01–38. The plaintiffs filed their summons and complaint with the district court on April 9, 2009, without having served the documents on any of the defendants. *See* N.D.R.Ct. 3.1(i) ("[p]roof of service must be securely attached to pleadings and documents submitted to the clerk for filing"). Although the summons and complaint should not have been filed without proof of service, the filing did not commence the action under North Dakota law and the plaintiffs did not commence the action by serving the summons and complaint on any of the defendants until May 5, 2009, which is more than two years after the birth of B.D.H. on April 12, 2007. The plaintiffs have not argued the discovery rule applies to extend the two-year statute of limitations for a potential claim against the doctors, and in the absence of any such argument, we hold that, even if a wrongful birth claim exists under North Dakota law, any wrongful birth claim these parents may have had is barred as a matter of law by the two-year statute of limitations for malpractice actions.

[¶ 10] The plaintiffs nevertheless contend the statute of limitations is tolled under N.D.C.C. § 28–01–25, which provides in part:

If a person who is entitled to bring an action other than for the recovery of real property, or for a penalty or forfeiture, or against a sheriff or other officer for an escape is:

1. Under the age of eighteen years;

. . .

at the time the claim for relief accrues, the time of such disability is not a part of the time limited for the commencement of the action. . . . In cases alleging professional malpractice, the extension of the limitation due to infancy is limited to twelve years.

[¶ 11] The plain language of N.D.C.C. § 28–01–15 applies to an action by a person under the age of eighteen years. The parents' wrongful birth claim is not brought by the parents on behalf of B.D.H.; rather, the action is the parents' wrongful birth claim and is not governed by the plain language of the tolling provisions in N.D.C.C. § 28–01–25. We conclude N.D.C.C. § 28–01–25 is not applicable to the parents' wrongful birth claim.

## V

[¶ 12] We affirm the summary judgment.

[¶ 13] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., BENNY A. GRAFF, S.J., concur.

[¶ 14] The Honorable BENNY A. GRAFF, S.J., sitting in place of KAPSNER, J., disqualified.