**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5037-18T1

SHIRLEY J. CAMPBELL,

    Plaintiff-Respondent,

v.

JULES L. CAMPBELL,

    Defendant-Appellant.

_____

Submitted September 23, 2020 – Decided October 7, 2020

Before Judges Accurso and Enright.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FD-03-1612-04.

Jules L. Campbell, appellant pro se.

Respondent has not filed a brief.

PER CURIAM

    Defendant Jules L. Campbell appeals from the June 7, 2019 order that fixed his child support arears in the sum of $24,512.68, in United States dollars

(USD), pursuant to the Uniform Interstate Family Support Act, N.J.S.A. 2A:4-30.124 to -30.201 (UIFSA).  We affirm.

Defendant, a New Jersey resident, argues New Jersey did not have subject matter jurisdiction to enforce his outstanding child support obligation.  He also complains he was not given a fair hearing before his arrears were established, that the motion judge failed to abide by Australian law, and that there was fraudulent "spoliation of evidence, the intentional hiding of the law of the issuing state."  We are not persuaded.

The parties were married in Australia and divorced in 1989.  Their daughter was born in April 1987.  As we detailed in our prior opinion, Campbell v. Campbell, 391 N.J. Super. 157 (App. Div. 2007) (Campbell I), based on a consent agreement entered in January 1990 in the Australian Family Court, defendant was directed to pay child support in the monthly sum of $150 Australian dollars (AUD).

On February 25, 1997, the Family Court of Australia entered and registered an order with the Australian Child Support Agency (CSA), modifying defendant's child support obligation to $120 per week AUD.  The order provided his support obligation would be "suspended during any periods [ex-husband] is

able to provide documentary evidence that he is registered with the CES and gainfully seeking employment."[1] Id. at 159.

In March 2004, plaintiff petitioned the New Jersey courts to enforce defendant's support obligation. Even though the child support order had been registered, due to procedural problems, it was vacated in June 2004. Defendant appeared pro se in August 2004 to argue against registration of the order and in favor of an abatement of his arrears. The record reflects that at that hearing, defendant conceded he had not paid child support since 1997 and that if he wanted to modify his child support obligation, he needed to seek such relief before the issuing authority, i.e., the Australian courts. See N.J.S.A. 2A:4-30.135(a); see also N.J.S.A. 2A:4-30.178(c). Aware of UIFSA's parameters, the motion judge in New Jersey properly registered the order, directed defendant to pay his weekly child support obligation and to pay down his arrears. Campbell I, 391 N.J. Super. at 159. Importantly, no appeal was taken from this 2004 order.

In January 2006, defendant filed a motion in New Jersey to vacate the registered order. The trial court denied his application, and in 2007, we affirmed

---

[1] The acronym, "CES," refers to the Commonwealth Employment Service.

the denial.  Id. at 164.  No appeal was taken from our decision.  Also, in 2006, the CSA issued a statement declaring:

> [t]his case ended on 7 April 2005, when liable child [] turned 18 years of age, which is the age of emancipation in Australia.  However, this case remains open in Australia, until the debt is paid in full.
>
> [Defendant] has never made any effort in paying his liability voluntar[il]y to the Australian Child Support Agency.  He has informed our department, that the reason he left Australia was to avoid paying his maintenance, and to escape enforcement action in Australia.

Additional enforcement proceedings occurred in 2017, but defendant did not appeal from, or seek reconsideration of the enforcement orders resulting from those proceedings.  Subsequently, in April 2019, the Australian government submitted a letter and "registration statement" to the Family Part in Burlington County, seeking enforcement of defendant's child support obligation. The registration statement confirmed defendant's arrears totaled $24,512.68 USD, and the cover letter stated, "the debt is owed to the receiving parent [plaintiff].  Our position is to ensure the debt is collected and forwarded to [plaintiff]."  The letter also specified, "we request that you continue to enforce the outstanding arrears."

A-5037-18T1

At an enforcement hearing on June 3, 2019, the same motion judge who presided over an enforcement hearing in 2017 addressed defendant's child support obligation and considered his objection to a writ of execution. After taking testimony from defendant, the judge found Australia was "the country with [continuing exclusive jurisdiction]," and that based on Australia's certification, defendant owed child support arrears of $24,512.68 USD.

"[W]e accord great deference to discretionary decisions of Family Part judges[.]" Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012). This is due to the "family courts' special jurisdiction and expertise in family matters." Cesare v. Cesare, 154 N.J. 394, 413 (1998). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

UIFSA provides "unity and structure in each state's approach to the modification and enforcement of child support orders," both nationally and internationally. See Youssefi v. Youssefi, 328 N.J. Super. 12, 20 (App. Div. 2000) (citing 42 U.S.C. § 666(f)). For enforcement purposes, New Jersey may register a support order issued by an initiating tribunal as a foreign judgment. N.J.S.A. 2A:4-30.168. To contest the validity or enforcement of a registered

order, the non-registering party must request a hearing within twenty days after notice of the registration. N.J.S.A. 2A:4-30.172(b)(2). The non-registering party may seek to vacate the registration, assert defenses to the registered order, or contest the remedies or amounts. N.J.S.A. 2A:4-30.173. The defenses to the validity or enforcement of a registered order include that "the issuing tribunal lacked personal jurisdiction over the contesting party[.]" N.J.S.A. 2A:4-30.174(a)(1). Once an order from an initiating tribunal is registered, New Jersey will recognize that state's continuing, exclusive jurisdiction. N.J.S.A. 2A:4-30.133(c). See Campbell I, 391 N.J. Super. at 162-64.

Pursuant to N.J.S.A. 2A:4-30.175, "[c]onfirmation of a registered support order, whether by operation of law or after notice and hearing, precludes further contest of the order with respect to any matter that could have been asserted at the time of registration." Moreover, "the law of the issuing state[,]" rather than the law of New Jersey, continues to govern "the nature, extent, amount, and duration of current payments under a registered support order." N.J.S.A. 2A:4-30.171(a)(1). Additionally, New Jersey is to "prospectively apply the law of the . . . foreign country issuing the controlling order," N.J.S.A. 2A:4-30.171(d), and the law of the foreign country governs "the computation and payment of arrearages." N.J.S.A. 2A:4-30.171(a)(2).

6

Consistent with UIFSA, and as we noted in Campbell I, New Jersey properly registered the child support order in 2004. After our 2007 decision, additional enforcement proceedings occurred, up to and through 2019, and the orders resulting from those proceedings were not reconsidered or appealed. Thus, contrary to defendant's argument, the mere fact that the parties' daughter reached majority in 2005 did not divest New Jersey of its authority to continue to enforce Australia's support order. Indeed, New Jersey was obligated to ensure defendant's arrears were satisfied, pursuant to Australia's documented request in 2019 that New Jersey "continue to enforce the outstanding arrears." Accordingly, we perceive no basis to disturb the June 7, 2019 order.

To the extent we have not addressed defendant's remaining arguments, we find they are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(d)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5037-18T1