Benjimen S. ALBRECHT and Lillian Albrecht, Plaintiffs and Respondents,

v.

Joseph E. O'BRIEN and Frances H. O'Brien, Defendants and Appellants.

No. 8615.

Supreme Court of North Dakota.

May 15, 1970.

Roger A. McKinnon, Bismarck, for defendants and appellants.

Rausch & Chapman, Bismarck, for plaintiffs and respondents.

ERICKSTAD, Judge.

The O'Briens filed a notice of appeal dated November 14, 1969, which was served upon counsel for the Albrechts on November 21, 1969, asserting that they appeal to this court from a judgment entered in the district court on May 5, 1969, and from an order denying their motion for judgment notwithstanding the verdict or in the alternative for a new trial.

The Albrechts have moved for what they denominate a dismissal of the appeal in this case and for an affirmance of the judgment of the district court on the ground that the O'Briens have failed to "serve and file the record or to seek to obtain the record, as required by law, and further for the reason that the appeal in this matter was not taken within the time required by law, the same having been taken more than six months after Notice of Entry of Judgment and for the further

reason that no Undertaking for Costs has been filed in this matter."

■ Since the record is devoid of any information pertaining to the order denying the motion for judgment notwithstanding the verdict or in the alternative for a new trial, and thus we have no way of knowing when such an order was made or if and when notice of such an order was served upon the O'Briens, we must at this time deny the motion as it relates to the appeal from the order.

As for the appeal from the judgment, it is agreed that service of the notice of the entry of the judgment was made by mail upon the O'Briens on May 5, 1969. Applying Rule 6(e) of the North Dakota Rules of Civil Procedure, the O'Briens are entitled to three days in addition to the time specified in Section 28–27–04, N.D.C.C., for appealing to this court from a judgment of the district court.

Pertinent also to a discussion of this motion is Section 28–27–05, N.D.C.C.

The afore-described rule and statutes follow:

(e) Additional time after service by mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.

Rule 6, N.D.R.Civ.P.

28–27–04. Time for appeal.—An appeal from a judgment may be taken within six months after the entry thereof by default or after written notice of the entry thereof, in case the party against whom it is entered has appeared in the action, and from an order within sixty days after written notice of the same shall have been given to the party appealing.

N.D.C.C.

28–27–05. How appeal taken.—An appeal must be taken by serving a notice in writing signed by the appellant or his attorney on the adverse party and filing the same in the office of the clerk of the court in which the judgment or order appealed from is entered, stating the appeal from the same, and whether the appeal is from the whole or a part thereof, and if from a part only, specifying the part appealed from. The appeal shall be deemed taken by the service of a notice of the appeal and perfected on service of the undertaking for costs, or the deposit of money instead, or the waiver thereof as in this chapter prescribed. When service of a notice of appeal and undertaking cannot in any case be made within this state, the court may prescribe a mode for serving the same.

N.D.C.C.

The O'Briens do not contend that they filed their notice of appeal from the judgment within six months and three days of the service upon them of the notice of the entry of the judgment. Instead, they rely on the wording of the judgment to give them an additional forty-five days within which to perfect their appeal.

The pertinent parts of the judgment read as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

I.

That the plaintiffs are entitled to judgment for rescission against the defendants.

II.

That the defendants must return the sum of Nineteen Thousand and no/100 Dollars ($19,000.00) paid by the plaintiffs to the defendants.

### III.

That the defendants must restore the consideration received by them within forty-five (45) days after Notice of Entry of Judgment has been served upon them.

### IV.

That if the defendants fail to comply with the order of this Court as set forth herein, the sum of Nineteen Thousand and no/100 Dollars ($19,000.00) shall become a money judgment against the defendants and shall be docketed by the Clerk of the District Court in the manner provided by law forty-five (45) days after Notice of Entry of Judgment has been given herein.

In other words, they contend that the notice of the entry of judgment that was served upon them was premature and ineffective because it was served upon them prior to the passage of the forty-five days during which they were to restore the consideration.

With this view we do not agree.

As we have seen, the time within which an appeal may be taken from a judgment of the district court commences to run not from the service of the notice of the "docketing" of the judgment, but from the service of the notice of the entry thereof. It therefore follows that, as the notice of appeal was served upon the respondents more than six months and three days after the service of the notice of the entry of the judgment upon the appellants, it is untimely and for that reason this court has no jurisdiction to hear the appeal. As we have said many times, and recently in a decision involving the timeliness of an appeal from an order of a county court:

> Appeals are statutory, and appellant must conform to the provisions of the statute in perfecting his appeal.

In Re Bjerke's Estate, 137 N.W.2d 225, Syllabus ¶ 1 (N.D.1965).

For a decision of this court applying the same rule in holding an appeal from an order of the Public Service Commission to the district court ineffective, see Indianhead Truck Line, Inc. v. Thompson, 142 N.W.2d 138, Syllabus ¶ 1 (N.D.1966).

Having so decided that issue, it is unnecessary for us to determine the validity of the other grounds or reasons stated for dismissal.

The motion for dismissal of the appeal from the judgment is therefore granted.

TEIGEN, C. J., and PAULSON, STRUTZ and KNUDSON, JJ., concur.