2011 ND 46

**Fred A. MOTSCHMAN, Jr., Plaintiff and Appellant**

v.

**BRIDGEPOINT MINERAL ACQUISITION FUND, LLC, Defendant and Appellee.**

No. 20100158.

Supreme Court of North Dakota.

March 22, 2011.

Vance Gillette, New Town, N.D., for plaintiff and appellant.

Mark Conrad Sherer (argued) and Nathan Morris Bouray (appeared), Dickinson, N.D., for defendant and appellee.

KAPSNER, Justice.

[¶ 1] Fred Motschman, Jr., appealed from a district court summary judgment dismissing his action against Bridgepoint Mineral Acquisition Fund, L.L.C. ("Bridgepoint"), which sought a declaration that no valid contract existed between the parties or, alternatively, sought rescission of the contract. Motschman also appealed from an order denying his post-judgment motion for reconsideration. We affirm, concluding Motschman failed to properly raise the statute of frauds in the district court and the district court did not err in concluding that Motschman was not entitled to rescind the contract.

I

[¶ 2] In October 2008, Bridgepoint sent a letter to Motschman offering to purchase mineral rights Motschman owned in Dunn County, North Dakota, for $600 per acre. After Motschman responded to the letter and expressed an interest in selling his mineral rights, Bridgepoint sent a second letter to Motschman listing the legal description of the property, the acreage involved, and the purchase price of $63,996, representing $600 per acre for Motschman's 106.66 mineral acres. Bridgepoint enclosed a mineral deed for Motschman's signature and a sight draft payable to Motschman for the full purchase price. The letter further provided that, if the documents met with Motschman's approval, he should sign the deed in the presence of a notary public and return it to Bridgepoint. The letter further advised that Motschman could either return the sight draft to Bridgepoint for payment or depos-

it it with his bank for collection. Motschman signed the deed before a notary public and returned it to Bridgepoint. It is unclear whether Motschman returned the sight draft to Bridgepoint or kept it.

[¶ 3] Bridgepoint subsequently discovered there was a potential discrepancy with Motschman's name as it appeared on the mineral deed, so Bridgepoint sent a revised mineral deed for Motschman's signature. Motschman again signed the deed before a notary public and returned it to Bridgepoint. Bridgepoint then issued a check to Motschman for the purchase price of $63,996 and recorded the deed.

[¶ 4] Motschman, claiming that he had only intended to lease his mineral rights and not sell them, sent a letter to Bridgepoint stating:

This is to advise I, Fred Motschman is [sic] withdrawing my notary letter dated, November 24, 2008, and supersedes any previous documents that have been sent pertaining to the mineral deed to the land description. I am not willing to give my land or mineral rights away.

Bridgepoint responded by letter, noting that all of the parties' correspondence clearly indicated Motschman was selling his mineral rights and that the deed, which was conspicuously titled "MINERAL DEED," stated that Motschman "does hereby TRANSFER, GRANT, CONVEY and SELL" his mineral interests to Bridgepoint. Bridgepoint's letter further claimed that the parties had executed a valid, completed contract and indicated that Bridgepoint had recorded the deed.

[¶ 5] Motschman brought this action alleging that, because he had not cashed the $63,996 check from Bridgepoint, "no actual money was paid to plaintiff" and the contract failed for lack of consideration. He sought a declaration that there was no

completed contract or, in the alternative, sought rescission of the contract. On cross-motions for summary judgment, the district court concluded Motschman's refusal to cash the tendered check did not void the consideration and the parties had entered into a valid, binding contract. The court further concluded there was no basis for rescission. The court therefore granted Bridgepoint's motion for summary judgment, and judgment was entered dismissing Motschman's action.

[¶ 6] Motschman filed a motion for reconsideration based upon N.D.R.Civ.P. 59(j). In this motion, Motschman for the first time raised the statute of frauds, arguing that the signed deed did not satisfy the statute of frauds because it did not contain the actual purchase price for the mineral rights. The district court summarily denied the motion for reconsideration, concluding that "[t]he Plaintiff has failed to convince the Court that errors in law or fact were made which would require a reversal of the grant of summary judgment." Motschman has appealed from the judgment and from the order denying the motion for reconsideration.

## II

[¶ 7] Motschman contends the district court erred in finding there was a valid, enforceable contract between the parties because the deed he signed did not satisfy the statute of frauds.

[¶ 8] The statute of frauds provides that a contract for the sale of an interest in real property is invalid "unless the same or some note or memorandum thereof is in writing and subscribed by the party to be charged." N.D.C.C. § 9–06–04. Motschman argues that because the mineral deed did not list the actual price paid, but provided that the consideration was "Ten Dollars ($10.00) and other good and valuable consideration," the deed did not satisfy the

statute of frauds. Bridgepoint contends that Motschman waived the application of the statute of frauds when he failed to plead it or raise it as an issue on the cross-motions for summary judgment. Bridgepoint further contends that, because the writing taking an agreement out of the statute of frauds may consist of several related documents, the statute of frauds was satisfied in this case by the deed and the accompanying letter, which delineated all necessary elements of a valid contract.

[¶ 9] We find it unnecessary to reach the merits of Motschman's statute of frauds argument because we conclude he failed to properly raise the issue in the district court. The statute of frauds must be specifically pleaded, and a party who fails to plead it will be deemed to have waived his right to rely upon it. *Baldus v. Mattern,* 93 N.W.2d 144, 151–52 (N.D. 1958); *see also Kadrmas v. Kadrmas,* 264 N.W.2d 892, 895 (N.D.1978). Motschman did not plead the statute of frauds, nor did he raise the issue in support of his motion for summary judgment or in response to Bridgepoint's motion for summary judgment.

[¶ 10] Motschman first raised the statute of frauds in his motion for reconsideration based upon N.D.R.Civ.P. 59(j), after summary judgment dismissing his action had been entered. The district court may decline to consider an issue or argument raised for the first time on a motion for reconsideration if it could have been raised in earlier proceedings. *Dvorak v. Dvorak,* 2001 ND 178, ¶ 8, 635 N.W.2d 135 (citing *Ellingson v. Knudson,* 498 N.W.2d 814, 818 (N.D.1993)). As the Court noted in *Ellingson:* "[This] kind of afterthought, or shifting of ground, is not one of the circumstances in which a motion for reconsideration is appropriate." *Ellingson,* at 818 (quoting *Refrigeration Sales Co., Inc. v. Mitchell–Jackson, Inc.,* 605

F.Supp. 6, 7 (N.D.Ill.1983), *aff'd,* 770 F.2d 98 (7th Cir.1985)). The district court's decision on a motion for reconsideration under N.D.R.Civ.P. 59(j) is reviewed under the abuse of discretion standard. *Langer v. Pender,* 2009 ND 51, ¶ 12, 764 N.W.2d 159. A district court abuses its discretion only if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law. *Id.*

[¶ 11] We conclude Motschman failed to properly plead or raise the statute of frauds issue in the district court, and the court did not abuse its discretion in denying the motion for reconsideration.

### III

 [¶ 12] Motschman contends he was entitled to rescind the contract because the consideration had failed or become void. *See* N.D.C.C. § 9–09–02(2) and (3). Under the agreement as outlined in the documents exchanged by the parties, the consideration for the purchase of Motschman's mineral rights was Bridgepoint's promise to pay $63,996 to Motschman. After Motschman sent the signed and notarized deed to Bridgepoint, Bridgepoint tendered a check for that amount to Motschman. Motschman has refused to cash the check.

[¶ 13] Consideration does not fail or become void merely because a party refuses to cash a check tendered as payment in performance of the contract. If Motschman objected to the *form* of payment, *i.e.,* a check instead of legal tender, he was obligated to object to the mode of the offer of performance at the time it was made. *See* N.D.C.C. § 9–12–18; *cf.* N.D.C.C. § 41–02–59(2) ("[t]ender of payment is sufficient when made by any means or in any manner current in the ordinary course of business unless the seller demands payment in legal tender"). Thus, "[t]he fact that a cashier's check was tendered instead of currency is not fatal, for the tender of currency was waived by not objecting to the form of the tender on this ground." *Ugland v. Farmers' & Merchants' State Bank of Knox,* 23 N.D. 536, 546, 137 N.W. 572, 575 (1912). Motschman did not object to the form of payment.

[¶ 14] Motschman has not raised a genuine issue of material fact that consideration for the contract failed or became void, and the district court did not err in concluding there was no basis for rescission of the contract.

### IV

[¶ 15] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit. The judgment and the order denying the motion for reconsideration are affirmed.

[¶ 16] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.