2015 ND 74

**STATE of North Dakota and Kesha Peltier a/k/a Kesha Lavallie, Plaintiffs**

**State of North Dakota, Appellee**

v.

**Dustin LAVALLIE, Defendant and Appellant.**

**No. 20140328.**

Supreme Court of North Dakota.

March 24, 2015.

Ashley Marie Samuelson, Child Support Enforcement, Devils Lake, ND, for appellee; on brief.

Dustin Ray Lavallie, self represented, Belcourt, ND, defendant and appellant; on brief.

CROTHERS, Justice.

[¶ 1] Dustin Lavallie appeals from a district court order denying his motion for reconsideration of his motion to dismiss the registration of a South Dakota child support order. He argues the district court erred in determining he cannot challenge South Dakota's subject-matter jurisdiction. We affirm.

I

[¶ 2] Kesha Lavallie and Dustin Lavallie have a child who was born in 2010. Dustin Lavallie claims he was and is "an enrolled resident of the Turtle Mountain Indian Reservation." He stated he is "temporarily confined to the North Dakota State Penitentiary," but upon release will return home to Belcourt, North Dakota. While he claims the child "was conceived, born and currently resides permanently on the reservation," the child's birth certificate states the child was born in Brown County, South Dakota.

[¶ 3] Kesha Lavallie filed for and received child support benefits from South Dakota from July 2011 to July 2012. South Dakota entered a support order on July 18, 2011. In August 2012, South Dakota Child Support registered the order in North Dakota, requesting the Devils Lake Regional Child Support Unit to enforce a child support order against Dustin Laval-

lie. The North Dakota district court notified Lavallie of the registered order and informed him that he had twenty days to request a hearing on the validity of the registration and that failure to contest the validity or enforcement of the registered order would result in confirmation and enforcement of the order. Lavallie failed to timely contest the order, which was registered in North Dakota on November 7, 2012. In May 2014, Lavallie moved to dismiss the order, asserting the South Dakota court lacked personal and subject-matter jurisdiction. The district court denied the motion to dismiss, finding the motion frivolous. Lavallie filed a motion to reconsider, arguing the court failed to consider his reply to the State's response to his motion to dismiss. The district court denied his motion to reconsider. Lavallie appeals from the order denying reconsideration of his motion to dismiss.

II

[¶ 4] A "district court's decision on a motion for reconsideration ... is reviewed under the abuse of discretion standard." *Motschman v. Bridgepoint Mineral Acquisition Fund, LLC*, 2011 ND 46, ¶ 10, 795 N.W.2d 327. "A district court abuses its discretion only if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Id.* "Interpretation of a statute is a question of law which we review de novo on appeal." *Johnson v. Johnson*, 527 N.W.2d 663, 668 (N.D.1995). Subject-matter jurisdiction cannot be waived and can be raised at any time in a proceeding. *Trottier v. Bird*, 2001 ND 177, ¶ 5, 635 N.W.2d 157. "The question of subject matter jurisdiction is a question of law and is reviewed de novo, if the jurisdictional facts are not in dispute." *El-*

*lis v. North Dakota State Univ.*, 2010 ND 114, ¶ 8, 783 N.W.2d 825. "Analysis of a district court's ruling regarding personal jurisdiction is a question of law, which we consider under the de novo standard of review." *Luger v. Luger*, 2009 ND 84, ¶ 12, 765 N.W.2d 523.

### III

[¶ 5] Lavallie argues the district court erred in determining he cannot raise the issue of subject-matter jurisdiction of the issuing court. "Chapter 14–12.2, N.D.C.C., the Uniform Interstate Family Support Act ("UIFSA"), [provides] the procedural and jurisdictional rules a state must follow in recognizing a child support order from another state." *Smith v. Hall*, 2005 ND 215, ¶ 12, 707 N.W.2d 247. UIFSA requires North Dakota to recognize and enforce a registered child support order from an issuing state in the same manner as an order from a tribunal of this state. N.D.C.C. § 14–12.2–37. A support order issued by another state is registered for enforcement when the order is filed in the registering tribunal of this state. N.D.C.C. § 14–12.2–37(1). "There is a presumption that the registered order is valid." *Smith*, at ¶ 13.

[¶ 6] In *Smith*, we explained:

"Section 14–12.2–40, N.D.C.C.[,] outlines the procedure a non-registering party must use to contest the validity of a registered order. 'A non-registering party seeking to contest the validity . . . of a registered order in this state shall request a hearing within twenty days after notice of registration.' N.D.C.C. § 14–12.2–40(1). If the party fails to contest the validity of the order within the time limit, the order is confirmed by operation of law. N.D.C.C. § 14–12.2–40(2). A contesting party may 'seek to vacate the registration, to assert any defense to an allegation of noncompli-ance with the registered order, or to contest the remedies being sought or the amount of any alleged arrearages.' N.D.C.C. § 14–12.2–40(1). The contesting party has the burden of proving '[t]he issuing tribunal lacked personal jurisdiction over the contesting party.' N.D.C.C. § 14–12.2–41(1)(a). 'Confirmation of a registered order . . . precludes further contest of the order with respect to any matter that could have been asserted at the time of registration.' N.D.C.C. § 14–12.2–42."

2005 ND 215, ¶ 14, 707 N.W.2d 247. In *Smith*, we concluded Smith waived his right to challenge personal jurisdiction because twenty days had past since notice of the registered action. *Id.* at ¶ 16.

[¶ 7] In his motion to dismiss, Lavallie cites 25 U.S.C. § 1322, which explains state courts may not take jurisdiction over actions involving Indian parties and occurring within Indian country. "[T]his Court has consistently held that state courts have no jurisdiction over civil causes of action involving Indians, arising within the exterior boundaries of an Indian Reservation, unless a majority of the enrolled residents of the Reservation vote to accept jurisdiction." *State ex rel. Workforce Safety & Ins. v. JFK Raingutters*, 2007 ND 80, ¶ 10, 733 N.W.2d 248 (quoting *Airvator, Inc. v. Turtle Mountain Mfg. Co.*, 329 N.W.2d 596, 600 (N.D.1983)). However, we also explained, "[T]ribal courts and state courts have concurrent subject-matter jurisdiction to determine a support obligation against an enrolled Indian, where parentage is not at issue and the defendant is not residing on the Indian reservation when the action is commenced." *Rolette Cnty. Soc. Serv. Bd. v. B.E.*, 2005 ND 101, ¶ 12, 697 N.W.2d 333. In *Rolette Cnty.*, we reasoned collecting debts owed to a state does not significantly affect the tribe's interest in self-governance. *Id.* at ¶¶ 11–12.

[¶ 8] Lavallie argues the state court could not have jurisdiction because both parties involved are residents of the reservation and, therefore, the state lacks jurisdiction over the parties. That argument is contrary to our holding in *Rolette Cnty.*, 2005 ND 101, 697 N.W.2d 333. Moreover, here the claim arose outside the boundaries of the Indian reservation. The child was born in South Dakota. Both the child and mother lived in South Dakota and received benefits from the Aberdeen Division of Child Support from July 2011 to July 2012. South Dakota had subject-matter jurisdiction over the parties. *See* S.D.C.L. ch. 25–7A.

[¶ 9] Lavallie argues he is challenging subject-matter jurisdiction, but he actually is arguing lack of personal jurisdiction. *See Byzewski v. Byzewski*, 429 N.W.2d 394, 398 (N.D.1988) (comparing personal jurisdiction and subject-matter jurisdiction requirements for Indians domiciled on a reservation). "A court has subject matter jurisdiction if it has the authority to hear and determine cases of the general class to which the particular action belongs." *Id.* at 397. "A court gains personal jurisdiction over a defendant to satisfy the due process clause of the United States Constitution if the defendant has reasonable notice that an action has been brought *and* sufficient connection with the forum state to make it fair to require defense of the action in the forum." *Id.* (citation and quotation marks omitted). Lavallie argues he, Kesha Lavallie and the child lived on the reservation at the time this action arose and this residency precludes state court jurisdiction. That is demonstrably incorrect because the child was born in South Dakota and Kesha Lavallie and the child received benefits from South Dakota while in South Dakota. Lavallie's argument hinges on the "sufficient connection with the forum state," and not the "authority to hear and determine cases of [this class]." *Id.* He argues lack of personal jurisdiction under the guise of subject-matter jurisdiction. Personal jurisdiction cannot be challenged after the twenty-day period expires. *Smith*, 2005 ND 215, ¶ 16, 707 N.W.2d 247.

## IV

[¶ 10] The district court's dismissal of Lavallie's motion to reconsider was not an abuse of discretion because Lavallie waived any objection to personal jurisdiction. We affirm the district court order denying Lavallie's motion for reconsideration of his motion to dismiss registration of the South Dakota child support order.

[¶ 11] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.