2016 ND 54

Matthew Alan EAGLEMAN, Petitioner and Appellant

v.

STATE of North Dakota, Respondent and Appellee.

No. 20150145.

Supreme Court of North Dakota.

March 15, 2016.

Benjamin C. Pulkrabek (on brief), Mandan, ND, for petitioner and appellant.

Lonnie Olson (on brief), State's Attorney, Devils Lake, ND, for respondent and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Matthew Eagleman appealed from district court orders summarily dismissing his application for post-conviction relief and his motion for new trial. We

reverse and remand for an evidentiary hearing.

I

[¶2] In 2002, Eagleman pled guilty to gross sexual imposition and harboring a runaway. After twice violating his probation, the district court revoked Eagleman's probation and sentenced him in 2011. This 2011 sentence included a third probationary term. In 2012, the State moved to correct this sentence because, under *State v. Stavig*, 2006 ND 63, 711 N.W.2d 183, a defendant cannot be sentenced to more than two terms of probation for the same crime, rendering Eagleman's 2011 sentence illegal. The district court held another sentencing hearing on October 16, 2012. On October 31, 2012, the court entered a corrective order sentencing Eagleman to twenty years in prison with credit for time served. On appeal, this Court affirmed the sentence. *State v. Eagleman*, 2013 ND 101, 831 N.W.2d 759.

[¶3] In December 2013, Eagleman moved the district court to correct what he argued was an illegal sentence. This motion contained arguments similar to those we rejected in his 2013 appeal. In February 2014, the district court dismissed the motion. Eagleman appealed that order. In May 2014, Eagleman withdrew the appeal. In June 2014, Eagleman filed an application for post-conviction relief, arguing he received ineffective assistance of counsel at the October 2012 sentencing hearing because, among other alleged deficiencies, his counsel failed to request a recent risk assessment concerning his classification as a sexually dangerous individual. In April 2015, the district court summarily dismissed the application, concluding Eagleman already exercised his right to post-conviction relief, the application was a reiteration of previously adjudicated claims, and the statute of limitations barred the application.

[¶4] Eagleman moved for a new trial on May 7, 2015, again arguing he received ineffective assistance of counsel at the 2012 sentencing hearing. On May 8, 2015, Eagleman appealed the district court's April 2015 order dismissing his application for post-conviction relief. On June 5, 2015, we temporarily remanded Eagleman's appeal from the order dismissing Eagleman's application so the district court could rule on Eagleman's motion for new trial, which the district court denied on June 16, 2015. On June 28, 2015, Eagleman filed a consolidated appeal from the order dismissing his application for post-conviction relief and from the order denying his motion for new trial.

II

[¶5] The district court dismissed Eagleman's application for post-conviction relief because the court concluded Eagleman previously exercised his right to post-conviction relief, the application was a reiteration of previously adjudicated claims, and the statute of limitations barred the application.

A

[¶6] Although not citing a specific statutory provision, by dismissing Eagleman's application as a reiteration of previous claims and because Eagleman already exercised his right to post-conviction relief, the district court presumably dismissed Eagleman's application under N.D.C.C. § 29–32.1–12(1). Section 29–32.1–12(1), N.D.C.C., provides: "An application for post-conviction relief may be denied on the ground that the same claim or claims were fully and finally determined in a previous proceeding." "Petitioners are not entitled to post-conviction relief when their claims are variations of previ-

ous claims that have been rejected in prior proceedings." *Smestad v. State*, 2011 ND 163, ¶ 6, 801 N.W.2d 691. The court concluded Eagleman already exercised his right to post-conviction relief because of his 2005 appeal to this Court. *Eagleman v. State*, 2005 ND 164, 704 N.W.2d 573. The court also concluded the application was a reiteration of claims previously addressed by the district court and this Court because of Eagleman's 2013 appeal to this Court. *State v. Eagleman*, 2013 ND 101, 831 N.W.2d 759.

[¶ 7] In Eagleman's prior appeals, we considered issues different from those presented by the current appeal. In the 2005 appeal, we considered whether Eagleman received ineffective assistance of counsel during an April 2004 evidentiary hearing, whether there was previously unheard evidence, and whether he was coerced into withdrawing an earlier application for post-conviction relief. *Eagleman*, 2005 ND 164, 704 N.W.2d 573. In the 2013 appeal, we considered whether the district court exceeded its authority or abused its discretion by sentencing Eagleman to the maximum sentence allowed by law and whether the district court relied on impermissible sentencing factors. *Eagleman*, 2013 ND 101, ¶¶ 5, 13, 831 N.W.2d 759. Eagleman's current application alleges he received ineffective assistance of counsel at the 2012 sentencing hearing. While we rejected Eagleman's previous claim of ineffective assistance of counsel in his 2005 appeal, that previous claim concerned conduct occurring at the April 2004 evidentiary hearing and did not concern the conduct of which Eagleman now complains. While we have heard an appeal from the 2012 sentencing hearing, we have not previously considered whether Eagleman's counsel was ineffective. Although Eagleman may have a prolific litigious streak, the courts have not addressed the issues contained in

the current appeal. The district court erred in its contrary conclusion.

B

[¶ 8] The district court also dismissed Eagleman's application as untimely under N.D.C.C. § 29–32.1–01(2). The State fleetingly argues the two year statute of limitations under N.D.C.C. § 29–32.1–01(2) began at entry of the 2002 judgment of conviction, making the application untimely. This requires us to determine when Eagleman's conviction became "final" for the purposes of N.D.C.C. § 29–32.1–01(2). "Statutory interpretation is a question of law, fully reviewable on appeal." *Teigen v. State*, 2008 ND 88, ¶ 19, 749 N.W.2d 505. In interpreting a statute:

Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined in the code or unless the drafters clearly intended otherwise. Statutes are construed as a whole and are harmonized to give meaning to related provisions. If the language of a statute is clear and unambiguous, the letter of the statute cannot be disregarded under the pretext of pursuing its spirit. A statute is ambiguous if it is susceptible to different, rational meanings. If the language is ambiguous or doubtful in meaning, the court may consider extrinsic aids, such as legislative history, to determine legislative intent.

*State ex rel. North Dakota Dep't of Labor v. Matrix Props. Corp.*, 2009 ND 137, ¶ 8, 770 N.W.2d 290 (quoting *Sauby v. City of Fargo*, 2008 ND 60, ¶ 8, 747 N.W.2d 65 (internal citations and quotations omitted)).

[¶ 9] The Uniform Post–Conviction Procedure Act, N.D.C.C. ch. 29–32.1, governs all post-conviction proceedings. "The purpose of the Uniform Post–Conviction Procedure Act is 'to develop a com-

plete record to challenge a criminal conviction and sentence.'" *Holbach v. City of Minot*, 2012 ND 117, ¶ 16, 817 N.W.2d 340 (quoting *State v. Wilson*, 466 N.W.2d 101, 103 (N.D.1991)). In 2013, the legislature enacted a statute of limitations for post-conviction relief applications that aimed "to cut off repetitive, stale, and meritless claims that chew up the time and resources of prosecutors, indigent defense counsel, and the courts." *Hearing on S.B. 2227 Before the Senate Judiciary Comm.*, 63rd N.D. Legis. Sess. (Feb. 5, 2013) (testimony of Justice Dale Sandstrom, North Dakota Judicial Conference).

[¶ 10] The legislature codified these limitations at N.D.C.C. § 29–32.1–01(2), under which "an application for relief under this chapter must be filed within two years of the date the conviction becomes final." A conviction becomes "final" when: a. The time for appeal of the conviction to the North Dakota supreme court expires; b. If an appeal was taken to the North Dakota supreme court, the time for petitioning the United States supreme court for review expires; or c. If review was sought in the United States supreme court, the date the supreme court issues a final order in the case. *Id.* Section 29–32.1–01(3), N.D.C.C., provides three exceptions to when a conviction becomes "final." Eagleman does not argue any of these exceptions apply to his case and they are not part of our consideration.

[¶ 11] A person convicted and sentenced for a crime may seek post-conviction relief on a number of grounds allowed by the legislature. N.D.C.C. § 29–32.1–01(1). An applicant may seek post-conviction relief for an unlawful conviction or where a court without jurisdiction rendered the judgment of conviction. N.D.C.C. § 29–32.1–01(1)(a), (b), (c). An applicant may seek post-conviction relief for sentences not authorized by law, imposed in violation of the state or federal constitutions, or imposed by a court without jurisdiction. N.D.C.C. § 29–32.1–01(1)(a), (c), (d). Additionally, an applicant may seek post-conviction relief relating to the unlawful revocation of probation. N.D.C.C. § 29–32.1–01(1)(g). The ability to seek post-conviction relief from both an original conviction and from a revocation of probation, which are independent of one another, recognizes an error relating to the revocation of probation and accompanying sentence would be independent and subsequent to any error regarding the original conviction and accompanying sentence. *See also* N.D.C.C. § 29–28–06(2) (providing the statutory right to appeal from a final judgment of conviction); *State v. Causer*, 2004 ND 75, ¶ 23, 678 N.W.2d 552 (noting N.D.C.C. § 29–28–06 affords "the right to appeal from an order revoking probation."). These separate statutory rights to appeal and post-conviction relief indicate a legislative design to treat original judgments of conviction and revocations of probation separately.

[¶ 12] Other states have recognized this distinction for purposes of post-conviction relief statutes of limitations. In Idaho, "[i]f the post-conviction claims arise from matters that occurred after judgment in the criminal case and that led to a post-judgment order from which the petitioner seeks relief, then the limitations period commences upon the expiration of the time for appeal from the post-judgment order." *Green v. State*, 156 Idaho 722, 330 P.3d 1080, 1082 (Ct.App.2014). Applying this principle in *Lake v. State*, 124 Idaho 259, 858 P.2d 798, 799 (Ct.App.1993), the Idaho Court of Appeals considered a situation where the original judgment of conviction was entered in April 1984, with a revocation of probation occurring in November 1985. The applicant filed an application

for post-conviction relief on May 4, 1990, regarding both the original judgment and the revocation of probation *Id.* The trial court held the five year statute of limitations barred the application. *Id.* The court of appeals held the application was untimely as it concerned the original judgment because the judgment occurred more than five years prior to the application; however, the application was timely as it concerned the revocation of probation because the application was filed within five years of the revocation of probation. *Id.* at 799–800. Thus, the court of appeals reversed, in part, and remanded for additional proceedings limited to addressing issues associated with the revocation of probation. *Id.* at 800.

[¶ 13] This distinction is consistent with how we interpret N.D.C.C. § 29–32.1–01(2). Regarding orders revoking probation, a conviction becomes "final" under N.D.C.C. § 29–32.1–01(2) once the applicant forgoes, whether in whole or in part, or exhausts the appeals process relating to the order revoking probation. After that date, an applicant has two years to seek post-conviction relief for allowable claims under N.D.C.C. § 29–32.1–01(1) concerning the revocation of probation. This finality of the order revoking probation is independent of when the original conviction became "final" for the purposes of N.D.C.C. § 29–32.1–01(2) because the order revoking probation is distinct from the original judgment of conviction. However, any application relating to the revocation of probation is necessarily limited to issues relating to the order revoking probation, unless other issues are otherwise properly before the court. This does not allow the applicant to litigate or relitigate issues unrelated to the order revoking probation.

[¶ 14] We recognize other states apply their respective statute of limitations for post-conviction relief from the date of the original judgment. *See, e.g., People v. McPherson,* 53 P.3d 679, 681–82 (Colo. App.2001); *State v. Zorns,* 120 Ohio App.3d 360, 697 N.E.2d 1098, 1100 (1997); *Young v. State,* 101 S.W.3d 430, 433 (Tenn. Crim.App.2002); *but see Magee v. State,* 152 So.3d 1193, 1195 (Miss.Ct.App.2014) (noting Mississippi statutorily exempts revocations of probation from the statute of limitations for post-conviction relief). These cases are distinguishable because states applying their statutes of limitations from the date of the original judgment do not allow post-conviction relief for orders revoking probation, unlike N.D.C.C. § 29–32.1–01(1)(g).

[¶ 15] We accordingly reject the State's argument the date of the original judgment of conviction controls N.D.C.C. § 29–32.1–01(2) regarding orders revoking probation. The State's interpretation of N.D.C.C. § 29–32.1–01(2) would limit post-conviction relief for orders revoking probation to the same time frame allowed for an applicant to seek relief from the original conviction. For a number of reasons, orders revoking probation may occur years, if not decades, after the time to seek post-conviction relief from the original conviction has tolled. Eagleman's case is illustrative in this regard, with the district court entering its corrective order in October 2012, over a decade after entry of the original judgment in May 2002. Under the State's interpretation, N.D.C.C. § 29–32.1–01(2) would have barred Eagleman's application sometime in 2004, eight years before the alleged grounds for post-conviction relief occurred. Nothing in the legislative history concerning N.D.C.C. § 29–32.1–01(2) indicates the legislature intended to limit post-conviction relief for orders revoking probation in this manner. Rather, the legislative recognition of the differences between problems related to an original conviction and problems related to a

revocation of probation evinces an intent to treat the two separately. The structure of N.D.C.C. § 29–32.1–01(2) renders the State's interpretation unavailing.

[¶ 16] Applying our above interpretation, Eagleman's claim was timely under N.D.C.C. § 29–32.1–01(2). The district court revoked Eagleman's probation in 2011 and entered a sentence containing a third probationary period. However, because this sentence was illegal under *Stavig*, the court entered a corrective order on October 31, 2012. Eagleman appealed and we affirmed on June 19, 2013. Section 29–32.1–01(2), N.D.C.C., required Eagleman to file his application within two years. Eagleman filed his application in June 2014, rendering his application timely under N.D.C.C. § 29–32.1–01(2). The district court erred with its contrary conclusion.

### III

[¶ 17] Eagleman argues the district court erred in summarily dismissing his motion for new trial. In his motion, Eagleman argued he received ineffective assistance of counsel at the October 2012 sentencing hearing. The court summarily dismissed the motion under N.D.C.C. § 29–32.1–09(2), concluding Eagleman failed to provide any documentation supporting his allegation of ineffective assistance of counsel.

[¶ 18] Eagleman's May 2015 motion was labeled a motion for new trial. "We are not bound by . . . a party's label, and may look to the substance of the motion to determine its proper classification. 'Improper labels are not binding on appeal.'" *In re N.C.C.*, 2000 ND 129, ¶ 11, 612 N.W.2d 561 (quoting *Cumber v. Cumber*, 326 N.W.2d 194, 195–96 (N.D.1982)). The substance of Eagleman's motion indicates it was not a motion for new trial. The motion states its purpose was to have the court "reconsider its decision of April 20, 2015 that dismissed his Petition for Post–Conviction Relief without a hearing." Furthermore, Eagleman brought his motion under N.D.R.Civ.P. 59, which allows for the amending of judgments. The substance of the motion indicates it is one for reconsideration and not one for new trial, and we consider the motion as such.

[¶ 19] "We treat motions for reconsideration as either motions to alter or amend a judgment under N.D.R.Civ.P. 59(j), or as motions for relief from a judgment or order under N.D.R.Civ.P. 60(b)." *Greywind v. State*, 2015 ND 231, ¶ 11, 869 N.W.2d 746. We review a district court's denial of a motion for reconsideration under an abuse of discretion standard. *State v. Lavallie*, 2015 ND 74, ¶ 4, 861 N.W.2d 168. "A district court abuses its discretion only if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Id.* (quoting *Motschman v. Bridgepoint Mineral Acquisition Fund, LLC*, 2011 ND 46, ¶ 10, 795 N.W.2d 327). "A district court abuses its discretion when it fails to address nonfrivolous issues presented to the court." *Hilgers v. Hilgers*, 2004 ND 95, ¶ 25, 679 N.W.2d 447.

[¶ 20] Eagleman's motion for reconsideration is, in large part, derivative of his application for post-conviction relief, with the majority of the motion again alleging how his counsel was ineffective. However, Eagleman also asserted the application was not a reiteration of old claims already addressed by the courts, a justification the court used in dismissing his application. The district court did not address this argument before it dismissed the motion on grounds that Eagleman failed to provide proper documentation. As discussed above, the district court

erred in concluding Eagleman's application was a reiteration of previous claims because the courts have not confronted the conduct of which Eagleman now complains. Because the argument was non-frivolous, and the court did not address the argument contained in Eagleman's motion for reconsideration, the district court abused its discretion in dismissing the motion for reconsideration.

[¶ 21] Our May 23, 2014 dismissal of Eagleman's 2014 appeal did not reach the merits of the appeal and the appeal did not concern whether Eagleman received ineffective assistance of counsel at the revocation of probation hearing. The procedural posture of this case does not support the State's res judicata argument regarding the motion for reconsideration because no court has addressed whether Eagleman received ineffective assistance of counsel at the 2012 sentencing hearing, despite the voluminous amount of motions before the district court and this Court.

IV

[¶ 22] We do not address the other arguments or issues raised because they are either unnecessary to the decision or are without merit. We reverse the district court's orders and remand for an evidentiary hearing.

[¶ 23] CAROL RONNING KAPSNER, LISA FAIR McEVERS and DANIEL J. CROTHERS, JJ., concur.

SANDSTROM, Justice, dissenting.

[¶ 24] I respectfully dissent.

[¶ 25] The majority opinion's statute of limitations analysis is contrary to the plain and unambiguous words of the statute:

Except as provided in subsection 3, *an application for relief under this chapter must be filed within two years of the date the conviction becomes final.* A

conviction becomes final for purposes of this chapter when:

a.  The time for appeal of the conviction to the North Dakota supreme court expires;

b.  If an appeal was taken to the North Dakota supreme court, the time for petitioning the United States supreme court for review expires; or

c.  If review was sought in the United States supreme court, the date the supreme court issues a final order in the case.

N.D.C.C. § 29–32.1–01(2) (emphasis added).

[¶ 26] Post-conviction relief *must* be filed within two years of the *conviction* becoming final. Although probation revocation in some circumstances might be raised under the statute, it *must* be within two years of the *conviction* becoming final. Our cases make clear that probation revocation is not conviction. *E.g., State v. Wetzel*, 2011 ND 218, ¶ 8, 806 N.W.2d 193; *State v. Hemmes*, 2007 ND 161, 740 N.W.2d 81; *State v. Hass*, 268 N.W.2d 456 (N.D.1978).

[¶ 27] The statute is a post-conviction relief statute, not a post-probation-revocation statute. A defendant may directly appeal probation revocation. He may not collaterally attack probation beyond two years after the *conviction* became final.

[¶ 28] "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05. Here the majority's disregard of the plain wording of the statute is also contrary to the spirit of the provision enacted by the 2013 legislative assembly. *See* S.B. 2227.

[¶ 29]   I would affirm.

[¶ 30]   DALE V. SANDSTROM