# IN THE COURT OF APPEALS OF IOWA

No. 24-1796
Filed February 11, 2026

**State of Iowa,**
Plaintiff–Appellee,

v.

**Mario Alberto Corona Ruiz,**
Defendant–Appellant.

Appeal from the Iowa District Court for Woodbury County,
The Honorable Patrick H. Tott, Judge.

**CONVICTION CONDITIONALLY AFFIRMED AND REMANDED
FOR RECONSIDERATION OF MOTION FOR NEW TRIAL.**

Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, attorney for
appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant
Attorney General, attorneys for appellee.

Considered without oral argument
by Chicchelly, P.J., and Buller and Langholz, JJ.
Opinion by Chicchelly, P.J.

1

**CHICCHELLY, Presiding Judge.**

Mario Alberto Corona Ruiz appeals his conviction for first-degree murder.  On appeal, he argues there was insufficient evidence he acted with premeditation, malice aforethought, and specific intent to kill when he shot the victim.  Then, Corona Ruiz argues the district court failed to independently weigh the evidence against the jury's verdict in denying his motion for new trial.  Upon our review, we conditionally affirm Corona Ruiz's conviction and remand for the district court to reconsider his motion for new trial.

## BACKGROUND FACTS AND PROCEEDINGS

Corona Ruiz left his friend's apartment in the early morning hours of September 21, 2023.  Driving a white SUV, Corona Ruiz turned into an alleyway.  His friend Andrea Villeda was in the passenger seat.  At the same time, Michael Schwebach crossed the street near the SUV that Corona Ruiz was driving.  Schwebach remarked, "what's up, bitch" to Corona Ruiz.  In response, Corona Ruiz stuck a handgun out of window and shot Schwebach in the chest before driving off.

Neighbors heard the gunshot and moaning, and they came out to find Schwebach lying on the ground.  The neighbors called 911 and attempted to render aid to Schwebach.  Police and paramedics responded to the scene and transported Schwebach to the hospital, where he was soon pronounced dead.

Soon after the shooting, Corona Ruiz ditched the SUV on a dead-end road in some bushes near a motel.  Corona Ruiz, Villeda, and their friend Gregorio Leon checked into the motel.  Once in their room, Corona Ruiz wrapped up the gun he used to shoot Schwebach and gave it to Leon, who left to dispose of it.

The Woodbury County Attorney charged Corona Ruiz with murder in the first degree, a class "A" felony in violation of Iowa Code section 707.2(1)(a) (2023). A jury convicted him as charged. Corona Ruiz filed a motion for new trial alleging the verdict was contrary to the weight of the evidence. The district court denied the motion. Corona Ruiz now appeals.

## SUFFICIENCY OF EVIDENCE

Corona Ruiz raises several challenges to the sufficiency of the evidence supporting his convictions. We review sufficiency of the evidence for corrections of errors at law. *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). A jury's verdict is binding on appeal if supported by substantial evidence. *Id.* "Substantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* In reviewing sufficiency challenges, "we view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Id.* (quoting *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017)). To prove first-degree murder, the State was required to prove Corona Ruiz shot Schwebach with premeditation, malice aforethought, and the specific intent to cause his death. *See* Iowa Code § 707.2(1)(a).

Corona Ruiz argues there was insufficient evidence he acted with premeditation, malice aforethought, and specific intent to kill. "[P]remeditation and deliberation need not exist for any particular length of time." *State v. Fryer*, 226 N.W.2d 36, 41 (Iowa 1975). Corona Ruiz contends the State did not offer evidence that Corona Ruiz knew Schwebach before he shot him and that renders the evidence insufficient to prove premeditation.

Based on our review, we find there was sufficient evidence that Corona Ruiz acted with premeditation, malice aforethought, and specific intent to kill.

Villeda, Corona Ruiz's friend who was in the SUV with him, testified Schwebach approached the SUV and said "What's up, bitch" right before "Mario pulls out his gun and shoots him." Even if Corona Ruiz formed the intent to kill Schwebach in the seconds prior to shooting him, that is enough to find Corona Ruiz acted with premeditation. *See State v. Howard*, 14 N.W.3d 763, 769 (Iowa Ct. App. 2024) ("[P]remeditation . . . need exist 'only but an instant before the fatal blow.'" (quoting *State v. Wilson*, 11 N.W.2d 737, 754 (Iowa 1943))). And a jury could reasonably conclude Corona Ruiz was upset about the comment and decided to kill Schwebach. *See State v. Buenaventura*, 660 N.W.2d 38, 49 (Iowa 2003) ("Evidence of bad feelings or quarrels between the defendant and the victim are circumstances that may be used to support a finding of malice aforethought."). The jury could also infer malice, premeditation, and specific intent to kill from Corona Ruiz's use of a dangerous weapon following the opportunity to deliberate. *See State v. Green*, 896 N.W.2d 770, 779–82 (Iowa 2017). So, we find there is substantial evidence supporting Corona Ruiz's conviction for first-degree murder.

## MOTION FOR NEW TRIAL

Next, Corona Ruiz claims the district court erred in ruling on his motion for new trial. He claims the district court failed to independently weigh the evidence against the jury's verdict. Iowa Rule of Criminal Procedure 2.24(2)(b)(7) allows the court to grant a new trial "[w]hen the verdict is contrary to law or contrary to the weight of the evidence." Under the "contrary to the weight of the evidence" standard, the court weighs the evidence to determine whether a greater amount of credible evidence supports the jury's verdict or the alternative verdict. *State v. Ary*, 877 N.W.2d

686, 706 (Iowa 2016). We review a claim that the district court failed to apply the proper standard in that ruling is reviewed for corrections of errors at law. *Id.*

In evaluating Corona Ruiz's motion for new trial, the district court wrote:

> The Defendant contends that the State's witnesses should not be believed because at least two of those witnesses were "granted immunity" to testify. This information was presented to the jury for their consideration and was clearly overcome by the overall weight of the evidence presented by the State. In addition, the jury was presented with evidence that certain testing was not performed by law enforcement which also was considered and disregarded by the jury.

The State concedes the district court abdicated its duty to independently evaluate the weight of the evidence, noting that the court appeared to have "compar[ed] the jury's verdict to itself" instead. We agree. Because we find the district court did not independently consider the weight of the evidence, remand is necessary for reconsideration of the motion for new trial.

## CONCLUSION

Upon our review, we find substantial evidence supports Corona Ruiz's conviction for first-degree murder. But we find the district court erred in its consideration of the motion for new trial. So, we conditionally affirm Corona Ruiz's convictions and remand for reconsideration of the motion for new trial.

**CONVICTION CONDITIONALLY AFFIRMED AND REMANDED FOR RECONSIDERATION OF MOTION FOR NEW TRIAL.**